[No. 9865. Department Two.—August 29, 1885.]

## F. A. WENZEL, RESPONDENT, v. COMMERCIAL INSUR-ANCE COMPANY OF CALIFORNIA, APPELLANT.

FIRE INSURANCE—POLICY—CONDITION AS TO WATCHMAN.—The property insured was a quartz mill. At the time of the issuing of the policy the mill was in operation, but afterwards became idle, and so continued until destroyed by fire. One of the conditions of the policy was that the insured should employ a watchman to guard the premises when idle. The only watchman employed was a person who worked during the day and slept at night too far from the mill to guard it against fire. The mill could not be seen from the place where he slept, nor did he know of the fire until after it occurred, and the mill was destroyed. *Held*, that the condition had not been complied with.

ID.—CHANGE OF POSSESSION.—A further condition of the policy was that if any change should take place in the possession of the property without the written consent of the insurer, the policy should be void. *Held*, that the condition was violated by leasing the property and surrendering possession to the lessee without such consent.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the head-notes and opinion of the court.

*R. B. Wallace*, for Appellant.

*Street & Street*, for Respondent.

MORRISON, C. J.—This is an action on a policy of insurance issued by defendant to plaintiff on the 7th day of October, 1881, by the terms of which, in consideration of a certain premium paid the former by the latter, defendant insured the plaintiff, for the term of one year, on his certain quartz-mill, situated in the county of Tuolumne, and on other property in the policy enumerated, against loss by fire.

Among the conditions contained in the policy are the following: "It is understood and agreed that a watchman shall be employed by the assured to guard the premises during such time as the mill is idle. . . . . Any false representation by the assured of the condition of the property . . . . or any over-valuation thereof . . . . or any false or fraudulent representation to the authorities touching the property hereby insured . . . . or any change in the possession without the written assent of the company shall render the policy void." These are the important conditions affecting the policy which it is material to consider in

this case, and all of which, it is claimed by the company, have been violated and disregarded by the plaintiff. The mill was destroyed by fire on the 2d day of August, 1882, and within the time covered by the policy of insurance. The company refused to pay the loss incurred, and this action was brought to recover the same of the company. Plaintiff had judgment in the court below. Appellant moved for a new trial, which was denied by the court, and the appeal is from the judgment as well as the order denying the motion for a new trial. At the time of his application for insurance the plaintiff represented to one Deickman, the agent of the company, that the property covered by the policy was of the value of $12,000, and the defendant, believing such representation to be true, insured the property on the basis of a valuation thereof at $12,000. This is the fourth finding of the court. The court further finds in the same finding that the property was of no greater value than between $8,000 and $9,000, but the plaintiff did not intentionally deceive Deickman, the agent of the defendant, but on the contrary the plaintiff estimated the property at its cost, which was the sum of $12,000. How far did this false representation of value, although not made fraudulently, affect the validity of the contract? Was it a breach of a condition of the policy?

Another important fact in the case appears clearly from the evidence that the insured reported to the authorities in giving in this property for assessment, that its value was only $500, and on that amount only he paid taxes on the property for the fiscal year 1881 and 1882.

Another point made on behalf of the defense is that the policy contained a condition to the effect that a watchman should be employed by the insured to guard the premises during such time as the mill should be idle. Was that condition kept and observed by the plaintiff? The sixth finding is, "that during the space of five weeks, immediately prior to the 16th day of October, 1881, said quartz-mill was continuously in operation crushing ore from the Lynch quartz mine; that thereafter said mill was idle until June, 1882; that it was idle from on or about the 1st day of July, 1882, to the 2d of August, 1882, at which time said mill was destroyed by fire, and that it was idle at the time of its destruction."

By the thirteenth finding the court finds that one Lynch was employed to watch and guard the mill, and appellant's counsel makes the point that this is not a finding that Lynch was employed as a *watchman* of the premises. However this may be, it is apparent from the uncontradicted evidence in the case that Lynch was not employed as a watchman of the premises within the sense and meaning of the contract. It appears that Lynch was working in his own mine, 2,100 feet distant from the mill, for six or seven hours during the day, and that at night he slept in a house 900 feet from the mill, between which house and the mill a hill intervened, which prevented this so-called watchman from seeing the mill. The mill was burned and destroyed without waking Lynch, and the first intimation he had of the destruction of the property was in the morning after the fire. He was too far away from the property during the hours of the night, when it most required watching, to be of any use whatever as a watchman of the premises. A watchman, according to Webster, is a sentinel, and a watchman of a building is one who takes care of it during the night-time. There are other reasons apparent from the evidence in the case for holding that the conditions of the contract for a watchman on the premises were not kept by the insured, but we have confined ourselves to the *undisputed* facts of the case.

Another point made by the appellant is that the condition of the policy in regard to a change in the possession of the property was broken by the insured. In the ninth finding it is found by the court as a fact in the case that on the 17th day of January, 1882, the plaintiff and others, without the consent of the defendant, leased the property insured, and surrendered the possession thereof to Joseph Hoskins and his associates. This was a breach of a condition in the policy which rendered the same void according to the express language thereof.

We are of opinion that according to the findings of the court and the uncontradicted evidence in the case, the plaintiff was not entitled to judgment. A breach of any one of the conditions contained in the policy was a fatal breach on the part of the assured, and a good defense to his right of recovery. (§§ 2607, 2612, Civ. Code.)

We cite the following authorities as bearing on the points decided in this case: (*Gladding* v. *Ins. Co.* 66 Cal. 6; May on

Insurance, §§ 156, 157; *Ripley* v. *Ætna Ins. Co.* 30 N. Y. 162; Civ. Code, § 2611.)

Judgment and order reversed.

SHARPSTEIN, J., concurred.

THORNTON, J., concurred in the judgment.