[S. F. No. 4049.   Department One.—March 1, 1910.]

PAULINE WESTERFELD and LOUIS WESTERFELD, Executors etc. of William Westerfeld, Deceased, Appellants, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Respondent.

LIFE INSURANCE—SETTLEMENT OF POLICY—CLAIM OF FRAUD—INSUFFICIENT COMPLAINT—DECISION UPON FORMER APPEAL—LAW OF CASE.

—Where upon a former appeal it was held that a complaint upon a policy of life insurance which had been settled and adjusted between the insurance company and the appellants upon payment of an agreed sum and a release of all claims, which settlement was claimed to have been procured by fraud, did not state a cause of action either for damages for deceit or to rescind the settlement for fraud, such decision is the law of the case upon this appeal from a judgment rendered upon a demurrer to an amended complaint in so far as it involves the same questions of law.

ID.—DOCTRINE OF LAW OF CASE.—When, upon an appeal, the supreme court, in deciding the appeal, states in its opinion a principle or rule necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon a subsequent appeal, regardless of any change of opinion as to its correctness.

ID.—PARTICULAR QUESTIONS INVOLVED — DAMAGES FOR FRAUD NOT STATED—SETTLEMENT REPUDIATED—RESCISSION BEFORE SUIT NOT AVERRED.—Where the former complaint was upon the policy, without averring damages for fraud, upon the theory that the settlement was repudiated as void; and no notice of rescission thereof for the fraud, and tender back of the money received on the settlement before suit was averred, and the amended complaint is in no better position than the original on either of these questions, the law of the case is applicable thereto.

ID.—MEASURE OF DAMAGES FOR FRAUD—QUESTION DECIDED FOR GUIDANCE OF LOWER COURT—LAW OF CASE.—The claim upon the policy surrendered upon the settlement being disputed, where the decision upon the former appeal distinctly held for the guidance of the lower court, in passing upon an instruction in which error was claimed, that the measure of damages for fraud was not the face value of the policy but something less, consisting of the value of the disputed policy under all the circumstances, such decision, whether sound or not, is binding on this appeal as the law of the case, even though it may not have been absolutely necessary to the determination of the question whether or not the judgment and order appealed from should be reversed.

ID.—DAMAGES FOR FRAUD REQUIRED TO BE PLEADED.—A complaint upon a disputed policy which has been settled by way of compromise, in respect of which fraud is claimed, must allege that the disputed policy surrendered was worth a certain amount, or, at least, in general terms, that by reason of the deceit and the consequent surrender, plaintiffs have been damaged in a certain sum.

ID.—INSUFFICIENT AVERMENT.—An averment that "except for the fraud and deception practiced upon them by defendant, plaintiffs would not have surrendered said policy for any less sum than $10,000," is no allegation of the value of the claim upon the policy.

ID.—EFFECT OF STIPULATION UPON RESCISSION—AMENDED COMPLAINT TREATED AS NEW SUIT—PRIOR RESCISSION ESSENTIAL.—A stipula-

tion that pending an investigation as to the merits of the settlement all rights should be protected, and if found fair, plaintiff might file a new amended complaint, with the same effect as an original and insert any new cause of action, after notice that the settlement would be relied upon, such stipulation had the effect to treat the amended complaint as the commencement of a new action, but not to waive, excuse, or dispense with necessary pleading; and it was essential that plaintiff, relying upon a rescission of the settlement, should give notice thereof and tender back the money paid thereon before filing the amended complaint, and aver those facts therein.

ID.—OFFER OF RESCISSION IN AMENDED COMPLAINT INEFFECTUAL.—A mere offer of rescission in the amended complaint, without any facts showing a prior rescission, was wholly ineffectual.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

T. C. Van Ness, for Appellants.

Page, McCutchen & Knight, for Respondent.

SLOSS, J.—This case comes before the court for the second time.   The first appeals were by defendant from a judgment in favor of plaintiffs, and from an order denying a motion for new trial.   Both judgment and order were reversed by this court.   (*Westerfeld* v. *New York Life Ins. Co.*, 129 Cal. 68, [58 Pac. 92, 61 Pac. 667].)   The appeals were first considered in Department, and again, after a rehearing, in Bank. The two opinions filed show most of the facts of the case sufficiently for the purposes of this appeal.   Such additional facts as require consideration will be stated in the course of this opinion.

After the cause had been remanded to the superior court the plaintiffs filed an amended complaint (designated as the third amended complaint).   To this pleading the defendant interposed a demurrer, which was sustained.   The plaintiffs not asking leave to amend, judgment was entered in favor of defendant.   Plaintiffs appeal from the judgment.

The purpose of the action was to recover the amount of a policy of life insurance, claimed to have been issued by the

defendant on the life of William Westerfeld. After the death of the insured, the defendant denied liability on the policy, and a compromise was effected between the said defendant and the plaintiffs, executors of the will of the insured, whereby the policy was surrendered to the defendant, and the sum of $2,666.66 was paid to plaintiffs in consideration of such surrender and of the release of all claims under said policy and one of earlier date. The right to recover, notwithstanding this release, was based on the contention of plaintiffs that they had been induced by fraudulent misrepresentations on the part of defendant to enter into the compromise agreement. Whether this action was founded on an attempted rescission of said compromise, or could be treated as an action for damages for the deceit practiced, was a question much discussed by counsel on the argument of the former appeal, and by the court in disposing of the appeal. The same question is again raised, the contention of appellants being that the third amended complaint is good in either aspect. Under the doctrine of the "law of the case," we think the decision in 129 Cal. is conclusive against them on both branches of their argument. That doctrine has been recognized in this court from an early date. (*Dewey* v. *Gray,* 2 Cal. 374.) It has been recently defined in these terms: "The doctrine of the law of the case is this: That where, upon an appeal, the supreme court, in deciding the appeal, states in its opinion a principle or rule necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal . . . and this, although in its subsequent consideration this court may be clearly of the opinion that the former decision is erroneous in that particular." (*Tally* v. *Ganahl,* 111 Cal. 418, 421, [90 Pac. 1049, 1050].)

An examination of the opinions filed in disposing of the prior appeals in this case shows that the court decided: 1. That the judgment recovered could not be sustained as one for damages for deceit, for the reason, *inter alia,* that the complaint did not allege such cause of action; and 2. That the plaintiffs could have no right of recovery based on a rescission of the contract of compromise, for the reason that they had not offered to return to defendant the $2,666.66 received by them under that contract.

Treating the subject of damages for deceit, the opinion of Commissioner Britt, which was adopted as the opinion of Department Two, contains this language: "It is said in the first place that the action is to be treated, not as founded on the policy, but as in tort for deceit and to recover damages for the fraud practiced by defendant. The complaint, however, was not drawn upon that theory. It is, of course, true that a party who has been led by fraud into a settlement whereby he accepted less than is justly due him in extinguishment of legal claims may, on discovering the fraud, sue for the damage he has sustained without taking any steps to rescind the settlement; the law allows such action, . . . but it proceeds on the assumption that the plaintiff affirms the contract of compromise—abandons the cause of action which it superseded—and claims damage for the fraud which induced the new contract. In the present instance the plaintiffs distinctly aver in their complaint that they 'repudiated said settlement upon the ground that it was procured by fraud upon the part of defendant' and demanded payment of the difference between the sum they had received and the 'amount due them under the terms of said policy issued February 19, 1894.' The frame of the complaint shows that the action is bottomed on the policy itself as a subsisting contract, and that in consequence of the fraud charged the release is treated as simply void."

After a rehearing and consideration of the case in Bank, there was filed an opinion, prepared by Temple, J., which begins: "This case was decided in Department, the opinion being written by Mr. Commissioner Britt. A rehearing was granted solely because it was thought by some members of the court that the complaint stated a cause of action for damages for deceit—it having been held in the Department opinion that it did not. Upon mature consideration we think the decision rendered in Department is right, and the opinion is adopted as the opinion of the court in Bank, except as it may be deemed to have been qualified by this opinion." We find nothing in the Bank opinion which we regard as qualifying the views expressed on the question under discussion. Indeed there are further expressions emphasizing the idea that the action is not one for damages for deceit. If the complaint on which the action was tried prior to the former

appeal failed to state a cause of action for damages, the (third) amended complaint here in question occupies no stronger position. So far as any possible claim for damages is concerned, the pleading has not been changed. The amendments are directed entirely to the matter of rescission, the attempt being to show grounds for a failure to offer restoration of the money received by plaintiffs.

A reading of the above quoted extracts from the opinions of Justice Temple and Commissioner Britt would seem to indicate clearly that the author of each opinion intended to decide that the complaint did not allege a cause of action for damages for deceit. The appellants, however, find in some language in *Montgomery* v. *McLaury,* 143 Cal. 89, [76 Pac. 964], warrant for the contention that the reversal on the former appeal was based, not on the insufficiency of the pleading, but upon an error in instructing the jury on the measure of damages. But if we were to grant the validity of this contention the appellants would not be helped. The discussion of Mr. Commissioner Britt on the insufficiency of the complaint viewed as one for damages is based on the position that the action for damages and one based on rescission are necessarily inconsistent; that an action for damages for the deceit practiced in inducing the plaintiffs to enter into the compromise agreement could be sustained only on the theory that they affirmed that compromise agreement, whereas the entire framework of their complaint shows that they disclaimed and repudiated it. If this was not the real ground of the decision such ground must be found, as is stated in *Montgomery* v. *McLaury,* 143 Cal. 89, [76 Pac. 964], in the declaration that the trial court erred in instructing the jury on the measure of damages in an action to recover damages for deceit. The claim upon the policy surrendered by plaintiffs being disputed, the court, both in Department and in Bank, plainly and distinctly held that the measure of damages for the fraud inducing a surrender of the policy was not the face of the policy but something less. It was the value of the disputed policy under all the circumstances. Quoting from the opinion of the court of appeals of New York in *Gould* v. *Cayuga etc. Bank,* 99 N. Y. 333, [2 N. E. 16], Britt, C., thus defines the measure of damages for deceit in inducing a compromise of a contested claim: "What the plaintiff sold and what the defendant bought

was not a conceded but a disputed claim; worth, therefore, ordinarily something less than its face for purposes of sale, transfer or cancellation; how much less depending upon the continued solvency of the debtor, and the probability of its successful enforcement, and that upon the underlying facts of the case, and depending also upon the probable extent and expense of the anticipated litigation." This view was approved by the court in Bank and its soundness is not questioned in *Montgomery* v. *McLaury.* In any event, whether sound or not, the rule must be taken as binding on this appeal as the law of the case. It was a matter properly presented to the court for decision and one whose decision was proper as a guide to the court below on a new trial. Under these circumstances the decision of the point is to be deemed to be the law of the case on this appeal, even though it may not have been absolutely necessary to the determination of the question whether or not the judgment and order appealed from should be reversed. (*Table etc. Co.* v. *Stranahan,* 21 Cal. 549; *Gwinn* v. *Hamilton,* 75 Cal. 265, [17 Pac. 212].; *Porter* v. *Muller,* 112 Cal. 355, 356, [44 Pac. 729].)

If the measure of damages for fraudulently inducing the compromise of a disputed claim be not the face of the claim, it is obvious that a complaint to recover such damages must contain some allegations by which the amount of plaintiffs' damage may be determined. A complaint should either allege that the disputed policy which the plaintiffs surrendered was worth a certain amount, or, at least, in general terms, that by reason of the deceit and the consequent surrender plaintiffs have been damaged in a certain sum. There is, however, no such allegation in the complaint under consideration. The only averment which could be regarded as having any bearing upon the question of the amount of damages is one that "except for the fraud and deception practiced upon them by defendant, plaintiffs would not have surrendered said policy for any sum less than the sum of $10,000." This, of course, is no allegation of the value of the claim upon the policy. Whether or not the court on the former appeal held in terms that the complaint was insufficient as one seeking damages, we think that conclusion necessarily follows from the principles of law declared on that appeal and now and here binding upon this court.

Viewed as an action based upon a rescission of the compromise contract, the plaintiffs are confronted by a similar difficulty. On the former appeal it was distinctly and unequivocally held that inasmuch as the plaintiffs had received the sum of $2666.66 upon a compromise of the disputed claim, an attempted rescission of that compromise could not be effectual without an offer to restore the amount so received. It was further held that such offer was an essential part of the cause of action and must have been made before the institution of the action. The third amended complaint now before us not only fails to allege that any such offer was made, but affirmatively shows that it was not. There are certain allegations which were evidently inserted for the purpose of showing a waiver of such offer or an excuse for the failure to make it, but we think they are not sufficient to accomplish this end. The allegations are that defendant waived an offer to restore the money by reason of these facts: That prior to the commencement of the action plaintiffs notified the defendant that unless the sum of $7333.33 (the difference between the face of the policy and the amount paid in compromise) was paid to them a suit would be instituted against defendant to recover the sum and thereupon defendant informed the plaintiffs that it was not then prepared to take any action with regard to plaintiff's said claim against it, but that if plaintiffs would omit from the complaint in the action which they were about to commence all reference to fraud and file a simple suit to recover the sum of ten thousand dollars upon the policy, defendant would investigate the merits of the claim and if it appeared to the defendant that plaintiffs had been defrauded, a settlement would be made and that within sixty days from the commencement of said action defendant would notify plaintiffs whether said claim would be recognized; and defendant further proposed to plaintiffs that if they would proceed as suggested by defendant it would stipulate that they might, in case defendant refused to pay said claim, file an amended complaint in said action changing the cause of action alleged in said original complaint in any manner they might desire, and the action which should be set forth in the said amended complaint should be deemed to have been commenced at the date of the filing of said original complaint; that plaintiffs accepted said offer and filed on March 26, 1897, a complaint to recover ten thous-

and dollars upon the policy, and defendant gave to plaintiffs a written stipulation in relation to the amending of said complaint as aforesaid. Thereafter defendant notified plaintiffs that it had investigated the merits of their claim and that the facts were not as asserted by plaintiffs and that the plaintiffs might proceed with their action against defendant. Thereupon plaintiffs filed their first amended complaint upon which this action was heretofore tried. We are unable to see that these facts in any way excused plaintiffs from offering to restore the amount received by them under the disputed claim. The stipulation proposed by defendant did no more than to delay the institution of an action based upon the alleged fraud. It preserved every right of the plaintiffs by the provision that an amended complaint might be filed which should have the same effect as if filed at the date of the commencement of the action. Upon the refusal of defendant to concede the justice of plaintiffs' claim the situation of the parties was exactly as if no action had ever been brought. The defendant had evidenced its intention of standing upon the compromise as a binding agreement. If plaintiffs desired to rescind that agreement they were bound to perform the necessary preliminary step of offering to restore what they had received under it. They were in no wise hampered in doing this by the stipulation which they had made. Under the terms of that stipulation any new cause of action set up by them was to have been treated as though commenced at the time of filing the original complaint. The purpose of this stipulation evidently was to permit them to introduce a new cause of action without commencing a new proceeding. They could and should then have notified defendant of their rescission, made their tender, and upon its refusal filed their amended complaint, which would have been as effective as if filed in the first instance.

What is herein said, together with the declarations of the court on the former appeals, furnishes a sufficient answer to the point that an offer of restoration contained in the third amended complaint itself is sufficient.

For these reasons we think the demurrer was rightly sustained. The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.