[Civ. No. 2610.    First Appellate District, Division One.—December 13, 1918.]

## FLOSSIE KAHN, Respondent, v. ROYAL INDEMNITY COMPANY (a Corporation), Appellant.

ACCIDENT INSURANCE — STATEMENTS IN APPLICATION — WARRANTIES.— Where there is a distinct agreement that an application for insurance is a part of the contract, and the statements in the application are expressly declared to be warranties, they are to be treated as such, and not merely as representations, and must be strictly true or the policy will not take effect.

ID.—SIGNING OF APPLICATION BY INSURED — WHEN UNNECESSARY.— Where a policy of accident insurance provides that the policy with a copy of the application therefor signed by the insured, "and such other papers as are attached to or indorsed thereon," shall constitute the entire contract between the company and the insured, it is immaterial that the application was not signed by the insured, where a copy is attached to the policy.

ID.—KNOWLEDGE OF STATEMENTS IN APPLICATION—POSSESSION OF POLICY BY BROKER.—Possession of a policy of insurance by the broker who procured the same at the instance and request of the insured is as effectual as possession by the insured for the purpose of

charging knowledge of statements contained in the application for the policy.

ID.—ACCEPTANCE OF POLICY—EFFECT OF.—An insured by accepting and retaining the policy without objection is bound by its terms, and the beneficiary cannot be heard to say that the insured did not read the policy or any of its provisions.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

James Alva Watt, Rolla B. Watt and Watt, Miller, Thornton & Watt for Appellant.

Wise & O'Connor for Respondent.

BEASLY, J., *pro tem.*—Plaintiff brought this action as beneficiary under a policy of accident insurance issued by the defendant company to one Frank G. Kahn, her husband, to recover seven thousand five hundred dollars, the principal sum named therein.

The insured died suddenly after having partaken of a hearty meal.    A *post-mortem* examination was held, and the coroner's jury found that death was caused by acute dilation of the heart, following chronic myocarditis, an affliction of the muscles of the heart, and a disease of the liver.    It was the claim of the defendant at the trial that death was caused by heart failure, due to heavy and excessive eating.    Plaintiff, on the other hand, contended that death was the result of ptomaine poisoning.    The finding upon the cause of death was in favor of the plaintiff's theory; and it is conceded by the attorney for defendant and appellant that this finding is conclusive against him.    The case was tried by a jury, and a verdict was rendered in favor of plaintiff, and from the judgment thereon defendant appeals.

As grounds for reversal, appellant claims that the trial court erred in overruling the demurrer to plaintiff's amended complaint, and further erred in refusing to instruct the jury to find a verdict for the defendant.

The questions involved upon the demurrer are: 1. Is ptomaine poisoning a bodily injury? 2. Is death which is

caused thereby death by external and accidental means, as those terms are used in the policy?

It is defendant's claim that ptomaine poisoning is not a bodily injury in any sense that will permit a recovery under the policy, but rather that it is a disease, the same as any other caused by bacteria or germ infection, such as typhoid or scarlet fever; and that to include such cases within an accident policy is virtually to make a life insurance policy out of one merely intended to have a limited application. Interesting as is this subject, we do not consider a discussion of it necessary, for the reason that we are of the opinion that the second point relied upon for reversal, namely, that the court erred in refusing to instruct the jury to find a verdict for the defendant, presents a legal barrier against any recovery upon the policy, irrespective of the cause of death.

The question presented upon this motion involves the breaches of certain warranties contained in the policy. The facts which appellant claims constitute said breaches are admitted. The policy here sued upon was issued upon a written application made on behalf of the insured, which application is attached and made a part of the policy, and from which it appears that the insured stated at the time of his application for insurance, among other things, that he had no accident, health, or benefit insurance, nor any application for such, pending elsewhere, except a policy for five thousand dollars about to expire, and which was to be replaced by the policy here involved. The application further recites that the insured had not obtained medical or surgical advice regarding any illness or injury during the past seven years preceding his application, except medical attention for a sprained back. These statements were admittedly untrue, the insured having, at the time of the application, another policy of accident insurance, and he had undergone, within the time specified, an operation for a mastoid. The policy contains a warranty clause as follows: "I hereby warrant that the above statements are in every respect complete and true, and I apply for a maximum Disability Iusurance policy which shall be based upon such statements, and which policy I agree to accept subject to all its terms and conditions." The policy further provides that it is issued in consideration of the premium, and of the statements contained in the application for the policy.

Where, as here, there is a distinct agreement that an application for insurance is a part of the contract, and the statements in the application are expressly declared to be warranties, they are to be treated as such, and not merely as representations, and must be strictly true or the policy will not take effect.

Respondent concedes this to be true, but contends that inasmuch as the application in question was not signed by the insured, and that the policy never came into his personal possession, the statements contained therein were mere representations, and not warranties, and further, that the application was not intended by the company to constitute a warranty unless signed by the insured.

It is admitted by the respondent that the circumstances under which the application was received are somewhat vague. and uncertain, but it is true, as claimed, that it was never signed by the deceased. The policy further provides, however, that "This policy with a copy of the application therefor signed by the insured, *and such other papers as may be attached to or endorsed hereon,* shall constitute the entire contract between the company and the insured. . . . " As urged by the appellant, the policy gives no support, therefore, to the contention of counsel for respondent, for whether the application was signed by the insured or not, it is a paper attached to the policy, and therefore constitutes a part of the contract between the company and the insured, under the provisions of which the insured agreed to accept the policy subject to all the terms and conditions contained in the application. And the fact that it was not signed is immaterial. (*Madsen* v. *Maryland Casualty Co.,* 168 Cal. 204, [142 Pac. 51]; *Solomon* v. *Federal Ins. Co.,* 176 Cal. 133, [167 Pac. 859].)

As to the claim that the policy was never delivered to the insured, and that because of that fact plaintiff should not be bound by the statements contained in the application attached thereto, it is sufficient to say that the policy was delivered to one Siegel, who had procured the policy at the instance and request, and as the broker, of deceased. The possession of the policy by his broker was as effectual as possession by the insured.

Nor. is there any merit in the further claim that the provisions of the policy cannot be enforced against plaintiff for the reason that the insured did not read it and was unfamiliar

with its provisions. By accepting and retaining the policy without objection, the insured was bound by its terms; and plaintiff claiming thereunder cannot be heard to state that the insured did not read the policy or any of its provisions. (*Madsen* v. *Maryland Casualty Co., supra.*) And the same may be said with respect to the claim that, even assuming the involved statements to be warranties, their effect was waived by the general agent of the appellant. There is no evidence in the record warranting this contention.

For the reasons given the judgment is reversed.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1919.

All the Justices concurred.