[Civ. No. 4524. First Appellate District, Division One.—July 27, 1923.]

## FLOSSIE KAHN, Appellant, v. ROYAL INDEMNITY COMPANY (a Corporation), Respondent.

[1] ACCIDENT INSURANCE—BREACH OF WARRANTIES—TENDER BACK OF PREMIUMS—WAIVER OF DEFENSE.—On the second appeal in an action upon an accident insurance policy it is too late for the beneficiary to urge that the insurance company was barred from raising the defense of breach of warranties without first tendering back the premiums paid, where the point was not raised in the lower court at either trial.

[2] ID.—REPRESENTATIONS OF INSURED—WARRANTIES—VOID POLICY— EVIDENCE—SECOND APPEAL—LAW OF CASE.—The second appeal in such action upon an accident insurance policy being on the judgment-roll, it does not lie with the appellant to urge that the evidence on the second trial was different from that on the first; and the appellate court on such second appeal is bound by its determination upon the former appeal that the representations of the insured constituted warranties, even though the application was not signed by the insured, and the breach of such warranties rendered the policy void, and not merely voidable at the option of the insurance company.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goldman & Altman for Appellant.

Miller, Thornton & Miller for Respondent.

ST. SURE, J.—This is the second appeal in this case. On the first trial the jury rendered a verdict in favor of plaintiff. The defendant appealed, assigning as error the refusal of the trial court to direct a verdict in its favor. This court reversed the judgment (39 Cal. App. 180 [178 Pac. 331]) and on the second trial before the court judgment went for defendant. Plaintiff appeals from this judgment on the judgment-roll alone.

The action is one by appellant as beneficiary under a policy of accident insurance issued by defendant to Frank G. Kahn, appellant's husband, September 1, 1912. The par-

ticular clause under which recovery is claimed binds defendant to pay the whole amount of the policy if bodily injury, caused solely and directly by violent, external, and accidental means, causes the death of the insured.

The pertinent portions of the policy, and answers and statements contained in the application, necessary to a consideration of the case, are as follows:

Clause 11 of the policy:

"11. This policy, with a copy of the application therefor signed by the insured, and such other papers as may be attached to or indorsed hereon, shall constitute the entire contract between the company and the insured . . . "

Certain questions, with the answers, in the application:

"9. I have no accident, health or benefit insurance current, nor any application for such pending, except as follows*: $5000.00 Pacific Mutual expiring in Sept. 1912, for which this policy takes its place."

"15. I have not obtained medical or surgical advice regarding any illness or injury during the past 7 years, except as follows:* Received medical attention for sprained back."

Statement at close of application:

"I hereby warrant that the above statements are in every respect complete and true, and I apply for a Maximum Disability Insurance Policy which shall be based upon such statements, and which Policy I agree to accept subject to all its terms and conditions . . . "

The policy was applied for on behalf of the insured, and with a copy of the application attached thereto, unsigned by the insured, received and kept for him by an insurance broker. The court found: That the insured did not sign the application nor did he read the policy; that the answers to the two questions set out herein were false; that as a matter of fact the insured had current an accident policy in the Standard Accident Insurance Company of Detroit, Michigan, at the time of making the answer to question 9, in the sum of five thousand dollars, and that with respect to question 15, the fact was that the insured had received medical and surgical advice, and that during the year 1908 he had suffered from, received medical and surgical advice for, and been operated on for a mastoid abscess; that two premiums of sixty dollars each had been paid on the policy at the time of the death of the insured on October 8, 1914;

and credit had been extended for the unpaid premium for the period between the regular payment date, September 1st, and that time; that defendant did not know at the time of the issuance of the policy that any of the statements in the application were not true; that the premium was not the only consideration for the policy; that demand had been made within the proper time for payment of the policy, and that such demand had been refused. Conclusions of law were made, in effect, as follows: That the statements made in the application were warranties, and that a part of the consideration for the issuance of said policy was that said warranties should be true; that the warranties in findings IX and X (answers to questions 9 and 15) were not waived by defendant; that because of the falsity of said warranties the policy of insurance became, and was, null and void, and no liability existed thereon against the defendant above named at the time of the death of the said Frank G. Kahn; that the warranties were binding on the insured notwithstanding they were not signed by him; that insured was not relieved from said warranties because the policy was delivered to a broker instead of to him; that he was not relieved from the warranties by reason of the fact that he did not read said policy; that the policy was not in full or any force at the time of the death of the insured, and that defendant is entitled to judgment.

Death of the insured resulted from ptomaine poisoning, which the jury found on the first trial to be "violent, external, and accidental means" under the terms of the policy. On this point, on the first appeal, this court reserved opinion as unnecessary to a decision of the case. On the second trial the trial court found to the same effect on this point as had the jury on the first trial, and this finding being favorable to plaintiff, is not before us on this appeal.

The decision of this court on the first appeal reads in part as follows: "It is defendant's claim that ptomaine poisoning is not a bodily injury . . . but a disease. . . . Interesting as is this subject, we do not consider a discussion of it necessary, for the reason that we are of the opinion that the second point relied on for reversal, namely, that the court erred in refusing to instruct the jury to find a verdict for the defendant, presents a legal barrier against any recovery on the policy, irrespective of the cause of death. The ques-

tion presented upon this motion involves the breaches of certain warranties contained in the policy. . . . Where, as here, there is a distinct agreement that an application for insurance is a part of the contract, and the statements in the application are expressly declared to be warranties, they are to be treated as such and not merely as representations, and must be strictly true or the policy will not take effect.''

The decision on the first appeal being chiefly grounded on this statement, it is the sole contention of appellant on this appeal, that, even conceding the statements to be warranties, and the breach thereof unquestioned, the policy was not void by reason thereof, but merely voidable at the option of the company, and the company having failed to cancel the policy, the same is to be considered as having been in full force and effect at the time of the death of the insured.  [1]  She also asserts that defendant is barred from defending on the ground of breaches of warranty without having first tendered back the premiums paid.  The cases cited and the argument advanced by appellant that the policy was in force at the death of the insured are evidently on the basis that the company had knowledge of the breaches of warranty for which it resisted payment of the policy, and failed to take action thereon.  The court found in this connection ''that it is not true that the defendant had any knowledge or notice at the time of the issuance of said policy of insurance that any of the statements in the application aforesaid were untrue,'' and there is no record presented to show that they had knowledge on this subject at any other time.  The point not having been raised in two trials below, it is too late now for appellant to urge that defendant was barred from raising the defense of breach of warranties without first tendering back the premiums paid.  The plaintiff, however, is not without redress as to the money so expended.  It is possible that an action for money had and received may lie if the policy be declared void, such cause of action accruing on the final determination that the policy is void.

[2]  Whatever our views on the subject of the materiality of the statements herein declared to be warranties, we are bound by the decision on the first appeal, as set out above, which the court below followed on the second trial, as the law of the case.  This appeal being on the judgment-roll, it does not lie with appellant to urge at this juncture

that the evidence on the second trial was different from that on the first. As was said in *Burns* v. *Jackson*, 53 Cal. App. 345 [200 Pac. 80], "where the appellate court has in its opinion stated a rule or principle of law necessary to a decision, that rule or principle must be followed and observed throughout the subsequent progress of the case both in the lower court and upon subsequent appeals, although it may be believed upon further consideration that the former decision in that particular is erroneous. (*Westerfeld* v. *New York Life Ins. Co.*, 157 Cal. 339 [107 Pac. 699].) By the former decision herein it was held that the evidence against respondent was sufficient to be submitted to the jury. If substantially the same evidence appears in the record, said decision, of course, is controlling. It would make no difference if additional evidence was received that might be favorable to respondent. The test is, was substantially the same evidence favorable to appellant received at the second as at the first trial. As to this, it may be said, that respondent has not pointed out any difference, and we would be justified in concluding from his omission that no difference exists."

And again, in *Brett* v. *S. H. Frank & Co.*, 162 Cal. 735, 739 [124 Pac. 437, 439]: "It has been sometimes said that the doctrine of the law of the case is invoked only when the former decision as to the law is erroneous; that its application presupposes a previous error by which the court is bound. It does, indeed, go that far, if it becomes necessary to do so. But the last decision would be the same in a case where the first decision was not erroneous. The doctrine means simply this: that the court having once decided the law, and the cause having gone back to the lower court for further proceedings in accordance with the law as thus established, and the parties and the lower court having acted in reliance upon that law, this court will not, upon a second appeal, again enter into a consideration of the question, but if the facts and circumstances are substantially the same, will treat it as settled law, regardless of its accuracy. (See *Allen* v. *Bryant*, 155 Cal. 258 [100 Pac. 704].)" This language is quoted with approval in *McEwen* v. *New York Life Ins. Co.*, 187 Cal. 144 [201 Pac. 577].

Aside from the "law of the case" point, we are further constrained by the opinion of this court in the case of

*Wolverine Brass Works* v. *Pacific Coast Casualty Co.*, 26 Cal. App. 183 [146 Pac. 184], where the following language is used: "The above-mentioned warranties being false, the policy issued in reliance upon them was, in our opinion void *ab initio*. When a warranty is broken in its inception the policy never attaches to the risk which it purports to cover. (Civ. Code, 2612; *Wenzel* v. *Commercial Ins. Co.*, 67 Cal. 438 [7 Pac. 817]. 'As a warranty is in the nature of a condition precedent to the validity of the policy, and must be literally true, if the fact warranted is not true there is a breach of warranty. It follows as a matter of course that a breach of warranty will avoid the policy.' (Cooley's Briefs on Insurance, vol. III, p. 1950.)"

The decision on the first appeal disposed specifically of the objections that the insured did not sign the application, that he did not read the policy, and that he was not relieved of the warranties because of delivery of the policy to a broker instead of to him personally. The one ground, therefore, on which the decision on the first appeal was based, and which was followed by the lower court in awarding judgment to defendant is that which appellant seeks to overturn on this appeal, on the theory that the policy was not void but merely voidable. The language of this court on the first appeal, which we have quoted, was, we think, such that the conclusions of the trial court on the second trial (that the policy was null and void because of the falsity of the warranties, and was not in full or any force at the time of the death of the insured) followed inevitably thereon. Such being the case, we can do nothing but affirm the judgment as it now stands. It is so ordered.

Richards, J., and Tyler, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 24, 1923.