[Civ. No. 10650.   Second Appellate District, Division Two.—February 7, 1936.]

ADALINE C. CRAIG, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Respondent.

Ernest N. Clark and William J. Claassen for Appellant.

Armand H. Blum for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of defendant after a trial before a court without a jury.

The conceded facts are:

Plaintiff, acting through her duly authorized agent, applied to defendant for a burglary insurance policy, which was duly issued October 10, 1934. In answering item No. 13 in the application for insurance, reading, "No burglary, theft, or robbery insurance applied for or carried by assured has been declined or cancelled by any company within the last five years except as herein stated," the agent declared, "No exceptions." This statement was in fact false, because a policy of burglary insurance held by plaintiff had been cancelled on or about July 20, 1934, by the Aetna Insurance Company.

November 6, 1934, plaintiff's premises were burglarized. Thereafter, upon learning of the false statement, defendant cancelled its policy of burglary insurance with plaintiff. It is to recover for this loss that the suit was commenced.

■ The sole question necessary for us to determine is:

*Does a false statement in an application for burglary insurance, that prior burglary insurance · carried by plaintiff has not been cancelled within the preceding five years, constitute a valid defense to a suit for recovery on the policy?*

■ It is well settled that, when a statement in the application for insurance is declared by the policy to be a warranty and the insured declares the statement is absolutely true, the falsity of such statement voids the policy *ab initio* (*Wolverine Brass Works* v. *Pacific Coast Casualty Co. of*

*San Francisco,* 26 Cal. App. 183, 184 [146 Pac. 184]; *Kahn* v. *Royal Indemnity Co.,* 39 Cal. App. 180, 183 [178 Pac. 331]), and the question of the materiality of the false statement is removed from the consideration of the court. One of the principal reasons for such warranty is to preclude all controversy as to the materiality or immateriality of the statement. (*McKenzie* v. *Scottish Union & National Ins. Co.,* 112 Cal. 548, 555 [44 Pac. 922].)

In the instant case paragraph R of the insurance policy reads, "The statements in items 1 to 13 inclusive in the declarations are made the basis of this insurance and the assured by the acceptance of this policy warrants them to be true. This policy is issued in consideration of such statements and the payment of the total premium."

Item 13 of the application for insurance is, "No burglary, theft, or robbery insurance applied for or carried by assured has been declined or cancelled by any company within the last five years except as herein stated." The answer was, "No exceptions." It is conceded that the answer to this declaration was false.

The answer to the question in the application for insurance was expressly declared to be a part of the policy of insurance and a warranty. Thus, since it was untrue, the policy was void *ab initio* and judgment was properly entered for the defendant.

Because of our conclusion it is unnecessary for us to consider the other propositions advanced by plaintiff.

The judgment is affirmed.

Wood, J., concurred.

CRAIL, P. J., Concurring and Dissenting.—I concur in the result, but I dissent as to the law above stated to this extent, that I believe it is the law of California that no right to avoid or rescind a subsisting insurance policy occurs from the violation of any provision thereof, even though it be an express warranty, unless such warranty is a material one, except in cases where the policy itself declares that such breach shall avoid it. (Secs. 2610 and 2611, Civ. Code, now secs. 447 and 448, Insurance Code; *Solomon* v. *Federal Ins. Co.,* 176 Cal. 133 [167 Pac. 859]; *Victoria S. S. Co.* v. *Western Assur. Co.,* 167 Cal. 348, 357 [139 Pac. 807], and cases cited in 14 Cal. Jur. 493, 494.)

Nevertheless, in the instant case there was substantial evidence to sustain the finding of the trial court that the warranty was a material one, including evidence that the defendant would not have issued the policy in question if it had known the falsity of the warranty, and also evidence to the effect that the policy which was canceled by the Aetna Insurance Company was canceled because it received confidential investigation reports which were of such nature and so unsatisfactory from the standpoint of the moral hazard that the company was compelled to and did make cancellation thereof. There was other evidence of the materiality of the warranty in question. Materiality of such a warranty is to be determined solely by the probable and reasonable influence of the facts upon the party, to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries. (Civ. Code, sec. 2565, now Insurance Code, sec. 334.) Obviously, there was substantial evidence to sustain the finding that the warranty was a material one.

The plaintiff complains because the credit reports themselves, which were referred to above, were not presented by the defendant. But no objection was made in the trial court to the testimony with regard to the credit reports as given, although plaintiff admits, "that the record discloses that the defendant had available to it actual and definite evidence", i. e., the reports themselves. Neither did the plaintiff on cross-examination ask for an inspection of the credit reports. Objection cannot be raised for the first time on appeal with regard to such evidence. The plaintiff also complains of a ruling of the trial court with regard to the admission of an answer made by one of the witnesses as an expert, but I am satisfied that there was no miscarriage of justice in this case arising out of said answer and that we should not interfere with the judgment in view of the admonition contained in article VI, section 4½ of the Constitution.