[No. 7,582.—Department One.]

# W. D. ROBERTS *v.* THE ÆTNA INSURANCE COMPANY.

INSURANCE—APPLICATION—WARRANTY.—When a policy of insurance refers to the application and makes it a part of the policy, any breach in the conditions or representations which are warranted avoids it.

ID.—ID.—ID.—INSTRUCTIONS.—The application contained the question: "Is there any incendiary danger apprehended or threatened?" and the answer, "No;" and the answer alleged that this representation was false and fraudulent in this, that incendiary danger was apprehended by the applicant.   A demurrer to the answer was overruled, and the Court instructed the jury in effect that if the fact alleged was proved, they should find for the defendant.   *Held*, no error.

ID.—ID.—ID.—MATERIALITY OF EVIDENCE.—On the trial, the testimony of a witness, that the premises had been partly burned prior to the application, was admitted over the objection of the plaintiff.   *Held*, that the

Court was not prepared to say that this circumstance—though in itself
of trifling import—in no degree tended to show that the applicant had
apprehension of incendiarism.

APPEAL from a judgment and from an order denying a new
trial in the Superior Court of San Bernardino County.
ROLFE, J.

The following is the instruction referred to in the opinion
of the Court: "If the jury believe from the evidence, that a
written application was made by the plaintiff's assignor,
James M. Coburn, to the defendant, upon which the said
policy was issued, in which application the said James M.
Coburn stated that no danger was apprehended by him, by
incendiaries, and they find as a matter of fact that at the
time of making said application he did apprehend and had
reasonable grounds to apprehend danger from incendiaries,
then their verdict must be for defendant." Plaintiff appealed.

*J. D. Boyer*, for Appellant.

To avoid the policy, it was necessary for the defendant to
prove, not simply an apprehension of incendiary danger, as
set up in his answer, but facts showing that such apprehen-
sion was not groundless. (*Piercy* v. *Sabin*, 10 Cal. 27; *Glazer*
v. *Clift*, id. 304; *Cal. Steam Nav. Co.* v. *Wright*, 8 id. 590;
*Dutch Flat W. Co.* v. *Mooney*, 12 id. 534; Moak's Van Sant-
voord's Pleadings, 3d ed. 562–4; Newman's Ky. Pleadings and
Practice, 524–5; Civ. Code, § 2570; 2 Duer Ins. p. 583, § 20;
Wood on Insurance, § 201; 2 Parsons on Contracts, 778.)

The Court erred in overruling the objection of plaintiff to
the question put to the witness Brunn by defendant, and in
permitting him to testify to other fires prior to the one in
controversy, not caused by incendiaries, for the purpose of
showing his apprehension of incendiary danger.

*Henry N. Willis*, for Respondent.

When the policy refers to the application as forming part
of it, it becomes part of the contract, and any breach of the
warranties avoids it. (Wood on Fire Ins., §§ 137, 157, 163,
164; *Egan* v. *Albany Mutual Ins. Co.*, 5 Denio, 326; *Mur-
dock & Garrett* v. *Chenango Co. Ins. Co.*, 2 N. Y. 20; *Pearce*

v. *Empire Ins. Co.,* 62 Barb. 636; *Ripley* v. *The Ætna Ins. Co.,* 30 N. Y. 136; *Shoemaker* v. *Glenn Falls Ins Co.,* 60 Barb. 84; *Burrett* v. *Saratoga Co. Mutual,* 5 Hill, 188; *Jennings* v. *Chenango Co. Mutual,* 2 Denio, 75; *Kennedy* v. *St. Lawrence Co. Mutual,* 10 Barb. 285; *Smith* v. *Empire Ins. Co.,* 25 id. 497; *Duncan* v. *Sun Ins. Co.,* 6 Wend. 488; S. C., 22 Am. Dec. 539; *North American Ins. Co.* v. *Throop,* 22 Mich. 146; Civ. Code, §§ 2587, 2588, 2607, 2611, 2612; 1 Smith's Leading Cases, 5th ed. 637, 638, and authorities therein cited.)

"A statement in a policy of a matter relating to the person or thing insured, or to the risk as a fact, is an express warranty thereof." (Civ. Code, 2607, 2611, 2612.) Under the stipulations of the policy, the answer of James M. Coburn to question No. 10 of the application was an express warranty. It was intentionally false, and therefore fraudulent. (Civ. Code, 2569, 2579.)

The COURT:

The policy contained a covenant: "Any false representation by the insured, etc., or any omission to make known every fact, etc., or any misrepresentation whatever, shall render the policy void."

In his "application" the insured, plaintiff, "hereby covenants and agrees that the foregoing (answers to questions) constitute a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, and value of the property to be insured, so far as the same are known to the applicant, and the same is hereby made a condition of the insurance and a *warranty* on the part of the insured." The application contains the question and answer, "10. Is there any incendiary danger apprehended or threatened? No." The demurrer to defendant's answer (the answer setting forth that the reply to question 10 "was false and fraudulent at the time of making it, in this, that incendiary danger was then apprehended by the said James M. Coburn, as he then well knew, and he, the said James M. Coburn, did, in the aforesaid answer, falsely and fraudulently represent to the defendant that such danger was not apprehended, and he so represented with intention to deceive and defraud the defendant"), was properly overruled. When the policy refers

to the application, and makes it part of the policy, any breach of the conditions or representations which are *warranties*, avoids it.

Though a circumstance in itself of trifling import, we are not prepared to say that the testimony of the witness Brunn that the premises were partly burned "last summer," in the absence of the assignor of plaintiff, in no degree tended to show that he had apprehension of incendiarism.

The policy and application were set forth in the complaint and the defendant in his answer alleged a fact which, if true, constituted breach of a warranty. The instruction complained of was not erroneous.

Judgment and order affirmed.