[Civ. No. 5383. First Appellate District, Division One.—June 23, 1927.]

W. F. BENNETT, Respondent, v. NORTHWESTERN NATIONAL INSURANCE COMPANY (a Corporation), Appellant.

Frank Orwitz and Frank J. Fontes for Appellant.

John Francis Neylan, J. Paul Miller, and Bartley C. Crum for Respondent.

CASHIN, J.—An action to recover on a policy issued by appellant corporation upon an automobile by which respondent was insured for the term of one year against direct loss or damage caused by fire or theft.

During the term of the policy the automobile was stolen and destroyed by fire, its value at the time of its destruction being in excess of the amount for which it was insured. The action was tried by the court, and upon its findings judgment was entered for respondent in the sum of one thousand dollars, the amount of the policy.

As defenses to the action it was alleged that the automobile at the time of the loss was, without the permission of the insurer, encumbered by a lien, and that at the time of the execution of the policy the insured warranted the automobile to be a 1921 model when in fact it was a model of the year 1920.

The policy contained the following clause:

"Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage to any property insured hereunder . . .

"While incumbered by any lien or mortgage."

The evidence shows that respondent on or about November 5, 1923, arranged with one Turner for a loan from the latter in the sum of $338.50, to be repaid in installments with interest. Respondent testified that the conversation between the two as to the manner in which the loan should be evidenced was as follows: "I asked Turner to make a regular form, a regular monthly payment, that I should pay him back that money with interest, and to make it just like he was selling an automobile; that I would sign it, which I did. . . . Turner and I were friends of long standing and I told him I wanted to pay him back. I would accept the money if he would make out a document such as the one that was presented here, that I would pay him back each month with interest. . . . I requested that he make a regular form so that I would know what to pay. each month."

He further testified that after signing the writing alleged by appellant to have created a lien on the car he was told by Turner that the money loaned had been borrowed from E. F. Hillman and should be repaid to him; that installment payments were made to Hillman, but that no transfer of the title or possession of the car was made to either Turner or Hillman, it being testified by the latter that the document was not signed by him, that he never considered respondent responsible to him for the advances made to Turner, that he had not received or seen the document previous to the trial, and that Turner was not his agent at the time of the transaction and was not authorized to sign on his behalf.

The document in question was a printed form purporting to be a contract for the sale of the automobile by Hillman to respondent upon the payment in installments as therein provided of an amount equal to the loan. A description of the automobile and the amounts of the monthly payments were typewritten therein and, according to the printed terms of the instrument, the title to the car was to be retained by the seller until all the payments were made, whereupon a bill of sale was to be executed to the purchaser. The original was not introduced in evidence, and while the name of Hillman appears in the copy as the seller it does not purport to have been signed by him or on his behalf. It appears from the testimony that on November 6, 1923, an entry was made in the records of the state motor vehicle department of a change in the legal ownership of the car from R. A. Roberts Co., the concern with which respondent had previously entered into a contract for its purchase, to E. F. Hillman, the latter in this connection testifying that the entry was not procured by him and that he was not a party to the transaction. It was further shown that on November 8, 1923, a bond was issued by the Fidelity & Deposit Company of Maryland, by its terms indemnifying Hillman against loss which might be sustained in the event of the seizure of the car by the federal authorities, it being recited therein that the car had been sold by Hillman under a conditional sale contract to respondent, and an employee of a firm of insurance brokers testified that a request for the issuance of the bond was telephoned from Hillman's office and that the premium was remitted therefrom. As to the latter transaction Hillman denied that the bond was issued at his re-

quest or with his knowledge, and it was testified by his bookkeeper that she at the request of Turner procured the issuance of the bond mentioned. It further appears that a proof of loss signed by respondent contained, under the printed requirement that if during the currency of the policy any other person or persons had any interest, mortgage, or otherwise in the automobile the fact should be stated, the following: "Lease contract E. F. Hillman $300." Respondent testified that when the proof of loss was verified and delivered to the insurer the words and figures quoted which, according to the testimony, are typewritten in type differing in color from the other typewritten portions of the document, did not appear therein; that on the occasion of its delivery a conversation occurred with the agent of the insurer which was as follows: "We had a conversation about some money, a sum of money that was due Mr. Hillman. He said, 'You haven't anything in here about a mortgage or lien on the car.' I said, 'There isn't a mortgage or lien on the car.' He said, 'Well, you owe Mr. Hillman $300.' I said, 'Yes, I do owe him $300; I owe him a sum of money yet.' He said, 'Well, that should be put in here.' I said, 'Well, it isn't a lien or a mortgage but if you want to put something in, why, you can put what you want.' I said, 'If you want to put something in you can put lease-contract E. F. Hillman, $300,' and Mr. Dubinske took it to a stenographer and had her type 'Lease-contract E. F. Hillman $300.' "

█ While the acts of the parties to the lien transaction were sufficient unexplained to support the conclusion that they intended to create a lien enforceable in equity (*Hall* v. *Cayot*, 141 Cal. 13, 18 [74 Pac. 299]), the circumstances were equivocal, and as between appellant and the parties thereto parol evidence was admissible to explain the transaction and show that such was not their intention (Code Civ. Proc., sec. 1856; *Smith* v. *Moynihan*, 44 Cal. 53; *Dunn* v. *Price*, 112 Cal. 46 [44 Pac. 354]; *Shattuck etc. Warehouse Co.* v. *Gillelen*, 154 Cal. 778 [99 Pac. 348]; *Lukie* v. *Diamond Coal Co.*, 41 Cal. App. 468 [183 Pac. 178]; *Lowell Mfg. Co.* v. *Safeguard Fire Ins. Co.*, 88 N. Y. 591). █ The law does not make a contract when the parties intended none (*Central Bitulithic Paving Co.* v. *Highland Park*, 164 Mich. 223 [Ann. Cas. 1912B, 719, 129 N. W. 46]; *Thurston*

v. *Thornton,* 1 Cush. (Mass.) 89), nor was the respondent estopped by the statement in the proof of loss from showing the legal effect of the transaction referred to therein (*McMaster* v. *Insurance Company of North America,* 55 N. Y. 222 [14 Am. Rep. 239]). ■ The question was one of fact (*Kinneberg* v. *Firemen's Ins. Co.,* 65 Cal. App. 107 [223 Pac. 81]), and we cannot say that the inference drawn by the trial court from the circumstances shown and the testimony of the parties, which it believed, that it was not the intention to create a lien or other encumbrance is not reasonably supported.

The application for the insurance was made by a broker who, so far as shown, was not a representative of the insurer, and while it was testified by respondent that not being certain as to the model of the car he referred the broker for information to a policy previously written thereon which contained the same description as that in the policy issued by appellant; as was held in *Solomon* v. *Federal Ins. Co.,* 176 Cal. 133 [167 Pac. 859], the broker was the agent for respondent, who was responsible for any misrepresentation in the application. In the instant case the policy contained a warranty clause, the material portions of which are as follows:

"The following are statements of facts known to and warranted by the assured to be true and this policy is issued by the company relying upon the truth thereof: . . .

"3. The following is the description of the automobile:

| Model Year | Trade Name | Type of Body (if truck state tonnage) | Factory Number |
|---|---|---|---|
| 1921 | Haynes | Suburban | M 38313" |

It was further provided that: "This entire policy shall be void if the assured has concealed or misrepresented any material fact concerning this insurance or the subject thereof . . . "

Respondent contends that the statement as to the model of the car, if untrue, was not a misrepresentation of a material fact, and further that it being incumbent on appellant to prove its falsity this burden was not sustained and the finding of the trial court, which was adverse to appellant's contention, cannot be disturbed. ■ It is the general rule that an affirmative warranty is in the nature of a condition precedent to the validity of the policy and if

broken in its inception the policy never attaches to the risk which it purports to cover (Civ. Code, sec. 2612; *Roberts v. Aetna Ins. Co.*, 58 Cal. 83; *McKenzie v. Scottish Union etc. Ins. Co.*, 112 Cal. 548, 555 [44 Pac. 922]; *Wolverine Brass Works v. Pacific Coast Casualty Co.*, 26 Cal. App. 183 [146 Pac. 184]), and this without regard to the materiality of the facts warranted (*McEwen v. New York Life Ins. Co.*, 42 Cal. App. 133 [183 Pac. 373]).

The extent to which the general rule is modified by the provisions of section 2611 of the Civil Code we need not consider, as it is conceded by appellant that the clause of the policy last quoted above refers to the facts affirmatively warranted.

■ The evidence shows without contradiction that a higher premium rate was charged for insurance on 1920 models than on those of the year 1921, and in view of the rule that a misrepresentation is material which would affect the rate of premium or influence the insurer in accepting or rejecting the risk (Civ. Code, secs. 2565, 2581; 26 Corpus Juris, Fire Insurance, sec. 190, p. 155, and cases there cited; Richards on Insurance Law, sec. 99), the model of the car was a fact material to the risk and the warranty if untrue would avoid the policy.

Appellant in support of its defense that the car was a 1920 model introduced in evidence two registration certificates signed by respondent and filed with the motor vehicle department, in which the car was so described, and it was testified by a witness called by appellant that the original writing signed by respondent to evidence the loan from Turner was shown by the latter to the witness and contained a like description. A copy of this writing, which was introduced in evidence by respondent, tended, however, to contradict the testimony of this witness, as the model of the car was not stated therein.

With the exception of the testimony of respondent that he never was sure as to the model of the automobile which was purchased by him as a second-hand car, the foregoing comprises the evidence on this issue.

■ The credibility of the witness and the weight to be given his testimony were questions for the trial court (Code Civ. Proc., sec. 1847); and while the statements contained in the certificates of registration were relevant

and admissible as evidence of the fact in issue, they were not conclusive and their weight as evidence was also a matter for its determination (*Smith* v. *Whittier*, 95 Cal. 279 [30 Pac. 529]; *Bush* v. *Barnett*, 96 Cal. 202 [31 Pac. 2]).

As the rule is stated by Chamberlayne, The Modern Law of Evidence, section 1390: ''The substantive or procedural law prescribes no predetermined weight for extra-judicial admissions, whether oral or in writing. It leaves the question of weight and construction of an admission, verbal or written, to the jury, entirely unaffected by specific rules as to weight.''

█ The issue was presented as an affirmative defense, which appellant had the burden of proving (Code Civ. Proc., sec. 1981) by a preponderance of evidence.

█ No direct evidence as to the model of the car was adduced, and it was for the trial court to determine both the weight of the testimony and the inferences to be drawn from the conflicting statements of the respondent, and we cannot fairly hold, in view of the evidence, that the trial court was not justified in concluding that the proof was insufficient to support the allegations of the special defense.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.