[Civ. No. 11215.   Second Appellate District, Division Two.—February 11, 1937.]

M. W. PURCELL, Appellant, v. PACIFIC AUTOMOBILE INSURANCE COMPANY (a Corporation), Respondent.

Armand H. Blum and Mervyn A. Aggeler for Appellant.

Finlayson, Bennett & Morrow, Harry L. Knoop and John C. Morrow for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the defendant in an action upon a policy of automobile "public liability" insurance. Under the terms of the policy, if valid and in force at the time of the accident, defendant would have been liable to plaintiff for the amount of his damages, limited, of course, to the amount of the policy, in the event the insured failed to pay such damages. A judgment had been recovered against the insured and execution levied thereon, but it remained unsatisfied at the time this action was commenced.

The policy of insurance was to be effective for a year from noon of the 23d of March, 1935, and contained the following warranty by the insured: "The automobile described herein will be principally used and garaged in Bakersfield, Kern County, California." The trial court found that this warranty had been breached from the beginning, with the right on the part of the defendant to rescind the policy from the beginning, without liability on its part. It is not contended by the plaintiff that the warranty was not a material one. On the contrary, it was stipulated at the trial that the insurance rate for this type of insurance, where an automobile is principally garaged and used in Los Angeles, is $42.50, as against $33.50 for Kern County.

The first and primary contention of the plaintiff is that there is not any substantial evidence in the record to sustain the finding of the trial court that the above warranty was breached.

The accident occurred on March 23, 1935, within eight hours after the effective date of the policy. The record discloses that the automobile in question was not only principally but continuously used and garaged in Los Angeles and vicinity, both before and after the issuance of the policy, i. e., from the 15th day of December, 1934, until the 12th day of May, 1935. On April 25, 1935, defendant served upon the insured a notice of rescission of the policy upon the ground that the above warranty and another warranty hereinafter referred to had been breached.

Plaintiff contends that eight hours or even the period from March 23 to April 25, 1935, at which time notice of cancellation was given, is such a small portion of the policy period of one year that it cannot form the basis for a finding that the warranty had been breached. In our view of the contract, the warranty was a promise upon the part of the insured to use and garage the automobile principally in Kern County. It was a promise which had been elevated into the importance of a warranty, in reliance upon which the premium rate was fixed. That was the purpose of the warranty—to provide a basis for fixing the premium rate and that rate was determined by the traffic hazards of the place warranted. Under the evidence Los Angeles was the "home" of the automobile and the garage in which it there was housed was the starting and ending point of its movements, not only for months before the accident, and at the time of the accident, but for months after the accident. The trial court found as a fact, in effect, that the promise was false when made; that it was made without any intention on the part of the assured to fulfill it, and therefore broken in its inception. The plaintiff does not point out to us any more satisfactory way by which the fact that the warranty was breached might be proved. In our view of the case, there is substantial evidence to support this finding of the trial court. ■ There is no merit in the plaintiff's further contention that the breach of warranty occurred subsequent to the time the plaintiff was injured, thus barring defendant's right to rescind. In our view of the case as above set forth, under the court's finding the warranty was false when made, resulting in a breach in its inception. (Insurance Code, sec. 449, formerly Civ. Code, sec. 2612.)

■ The plaintiff further contends that there is not any substantial evidence to sustain the implied finding of the trial court that Mr. Appling, the insured's employer, in filling out the application and securing the insurance policy for the insured was acting as agent for the insured and not as agent for the defendant. The record discloses that plaintiff entered into a stipulation to the effect that Appling had not been an agent of the defendant at any time since 1933. The record also discloses that prior to the issuance of the policy in question the insured took some insurance policies which were about to expire to Mr. Appling and asked him to obtain

a new policy with certain changes from the former policies, which Appling undertook to do. While on the witness stand the insured was asked the following question: "And did you tell him [Mr. Appling] you wanted him to get another policy for you, or words to that effect?", to which he answered "Yes." Ordinarily one who procures another to obtain insurance for him thereby makes such person his agent and assumes full responsibility for his acts. (32 Cor. Jur. 1054; *Bennett* v. *Northwestern Nat. Ins. Co.*, 84 Cal. App. 130 [257 Pac. 586]; *Solomon* v. *Federal Ins. Co.*, 176 Cal. 133 [167 Pac. 859].) There was substantial evidence upon which to base the finding.

The policy contained another warranty to the effect that, "The automobiles described herein are owned exclusively by the named assured—Except as follows: No exceptions." And the plaintiff further contends that there is not any substantial evidence to sustain the court's finding that his warranty was breached in that the ownership of the car was otherwise than as warranted. We shall not enter into a discussion of this contention for the reason that it is not necessary in order to sustain the judgment that two warranties be breached. It is not our custom to lengthen opinions by jumping unnecessary hurdles after the goal has been reached.

The remaining contentions of the plaintiff are either with regard to rulings on the admission of evidence or matters which have been necessarily disposed of by what we have already said. Not any of them would entitle the plaintiff to a reversal of the judgment.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 12, 1937.