[Civ. No. 17336. Second Dist., Div. Two. Apr. 3, 1950.]

ALLSTATE INSURANCE COMPANY (a Corporation), Respondent, v. FRANCIS A. MILLER et al., Defendants; JENNIE REED et al., Appellants.

Novack & Haberkorn for Appellants.

C. F. Jorz for Respondent.

McCOMB, J.—This is an appeal by defendants from a judgment in favor of plaintiff insurance company in an action for declaratory relief holding that plaintiff is not liable under its policy of insurance for the reason that the insured had made a material misrepresentation in his application for insurance.

*Facts*: On June 22, 1946, defendant Miller (who defaulted in the trial court and has not appealed), executed and delivered to plaintiff Allstate Insurance Company an application for a policy of automobile liability insurance. The application contained the following declaration: "Has any automobile license, or permit to applicant or to any of his household to drive an automobile ever been suspended, revoked or refused? Answer: No." At the time defendant Miller answered "No" to the foregoing question he knew his answer was false. The policy also provided: "By acceptance of this policy the named insured agrees that the statements and the declarations are his agreements and representations; that this policy is issued in reliance upon the truth of such representations; that this policy embodies all agreements existing between himself and the Company or any of its agents relating to insurance." At the end of the application appeared the following: "I hereby declare the facts stated to be true and request the Company

to issue the insurance policy, and any renewals thereof, in reliance thereon. Signed: Francis A. Miller.'' Immediately thereafter, there appears the following:

''This application signed:

| , 10:00 A. M. | 6 | 22 | 1946 |
| | Month | Day | Year |

''Subject to conditions on reverse side, the Company hereby binds the insurance applied for:

| Effective 10:00 A. M. | 6 | 22 | 1946 |
| | Month | Day | Year'' |

Thereafter plaintiff issued its policy effective June 23, 1946, insuring Mr. Miller against liability arising out of the operation of the automobile described in the policy for bodily injuries for any one person in an amount not to exceed $10,000, and if four or more persons were injured in a total amount not to exceed $40,000. It also insured him for property damage in an amount not to exceed $5,000. The policy by its terms expired June 23, 1947.

Had plaintiff known that defendant Miller's automobile operator's license had been previously suspended or revoked for drunk driving, it would not have issued the policy to him. On May 3, 1947, Mr. Miller while driving the automobile covered by the policy was involved in a collision with an automobile driven by defendant Jay L. Dawson in which defendants Reed were riding as passengers. On May 20, 1947 (prior to plaintiff's having obtained knowledge of the falsity of Mr. Miller's statement in his application for insurance), plaintiff renewed the liability insurance policy for one year from the expiration of the policy theretofore issued which was June 23, 1947. On June 11, 1947, plaintiff learned that on January 14, 1946, Mr. Miller's operator's license had been suspended after his conviction of ''drunk driving.'' On June 12, 1947, plaintiff wrote him as follows:

''June 12, 1947

Mr. Francis A. Miller
Victorville Army Air Field, Box 537
Victorville, California

Dear Sir:

''With respect to the automobile accident occurring on May 3, 1947 at Victorville Army Air Field in which you were involved while driving your automobile, you are hereby notified that the Allstate Insurance Company in investigating the said

accident or any claim arising therefrom, or in negotiating for compromise settlement, or in making any settlement or in defending any suit against you or others, or in any way acting or failing to act, does not waive any of its rights or admit any obligations under the policy.

"We are making this reservation of rights because of your breach of the policy declaration that 'during the past two years no automobile license of the named assured or any member of his household, or permits to the named insured or to any of his household to drive an automobile, has been suspended, revoked or refused' and for other reasons.

"The service of this notice upon you does not deprive you of any rights you may have against the company.

Very truly yours,

ALLSTATE INSURANCE COMPANY

J. B. Cadwell
Ass't Claims Manager."

July 10, 1947, plaintiff notified defendant Miller of the cancellation of his policy of insurance. On September 23, 1947, all the present defendants filed an action in the superior court seeking to recover damages from Mr. Miller as a result of the automobile accident which occurred May 3, 1947. On April 21, 1948, the present action was instituted by plaintiff for declaratory relief, seeking to have the rights and obligations of the parties under the policy of insurance determined, and to have an adjudication that the policy was void *ab initio.*

The trial court found that: (1) Defendant Miller had made a false and material misrepresentation of fact in applying for the insurance policy; (2) Such representation was relied upon by plaintiff in issuing the policy; and (3) There was no estoppel or waiver as against plaintiff of the aforementioned false representation.

*Question: Was there substantial evidence to sustain the trial court's findings set forth above?*

This question must be answered in the affirmative.

(1) Defendant Miller testified that at the time he answered the question in the application for insurance pertaining to whether or not his driver's license had ever been suspended or revoked, or a permit refused, he knew his answer was false. This evidence sustains the first questioned finding.

(2) Mr. Loewe in charge of the underwriting department of plaintiff testified that had plaintiff known that Mr. Miller's

license had been suspended for drunk driving it would not have issued a policy to him. The second mentioned finding finds support in the above testimony.

(3) Mr. Jorz, the assistant claims manager of plaintiff, testified that the first notice plaintiff had that Mr. Miller's license had been suspended for drunk driving was on June 11, 1947. Since there is no evidence that plaintiff did any act after June 11, 1947, recognizing the validity of the insurance policies or either of them which it had issued, there is no evidence to sustain a finding that plaintiff either waived the right to rely on the falsity of the statement made by Mr. Miller, or was estopped to claim the same as a defense to any obligation under the policy. This sustains the third finding.

We must of course disregard any conflicting testimony which the trial judge evidently did not believe. (See *Estate of Isenberg,* 63 Cal.App.2d 214, 215, 217 [146 P.2d 424].)

■ Since the foregoing findings were sustained by the evidence the trial court properly applied this rule of law: When a statement in an application for insurance is declared by the policy to be a warranty and the insured declares the statement is absolutely true, the falsity of such statement voids the policy *ab initio.* (*Bennett* v. *Northwestern National Ins. Co.,* 84 Cal.App. 130, 135 et seq. [257 P. 586]; *Craig* v. *United States F. & G. Co.,* 11 Cal.App.2d 644, 645 et seq. [54 P.2d 486]; *Emery* v. *Pacific Employers Ins. Co.,* 8 Cal.2d 663, 669 [67 P.2d 1046].)

Affirmed.

Moore, P. J., and Wilson, J., concurred.