[Civ. No. 20981. First Dist., Div. One. Jan. 23, 1964.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Respondent, v. ALLINE McCURRY et al., Defendants and Appellants.

Thorne, Stanton, Clopton, Herz & Stanek, John E. Thorne and Herbert S. Stanek for Defendants and Appellants.

Grunsky & Pybrum and Elmer Pybrum for Plaintiff and Respondent.

BRAY, P.J.—Defendants Alline McCurry and Gerald McCurry appeal from a judgment in favor of plaintiff, refusing said defendants declaratory relief under an insurance policy issued to defendant Ronald M. Price, who defaulted herein.

### QUESTION PRESENTED.

Should defendants' demurrer have been sustained on the ground that section 650, Insurance Code, limiting time for rescission of an insurance contract, applies? This, in turn, requires determination of whether personal injury action brought by defendants McCurry against Price constituted an action "on the contract" within the meaning of that section.

### RECORD.

This action was commenced in declaratory relief by plaintiff against defendants McCurry and Price after the hereinafter mentioned personal injury action was brought against Price by the McCurrys. In this action the McCurrys demurred to the complaint upon the ground that it did not state a cause of action, being barred by section 650. The demurrer was overruled. After trial the court rendered judgment in favor of plaintiff declaring void from its inception the automobile liability insurance policy hereinafter mentioned, issued by plaintiff to Price and held that plaintiff is under no obligation to defend Price in said personal injury action, to pay any judgment which might be obtained against Price by the McCurrys or to incur any liability whatsoever because of the issuance of said policy.

There is no dispute as to the facts, nor is there any conten-

tion that the false statements and representations made by Price to plaintiff to obtain the policy found by the court are insufficient to justify the rescission of the policy by plaintiff, if section 650 does not prevent such rescission. The facts follow:[1]

On April 19, 1961, at 9 a.m. plaintiff Allstate issued to Price a policy of automobile liability insurance. At 6 p.m. that same day Price was involved in a collision with defendants McCurry, in which defendants suffered personal injury and property damage. Thereafter, in a routine neighborhood investigation Allstate discovered Price to be an undesirable risk, and on or about May 16, 1961, Price was informed that his policy had been cancelled effective June 5, 1961. Subsequently, on October 30, 1961, the McCurrys instituted an action against Price for damages arising out of the accident. Price tendered the summons and complaint in that action to plaintiff Allstate for purposes of defense. On November 30, 1961, plaintiff Allstate sent to Price a letter in which it stated that the company admitted no obligation under the policy due to a breach of warranty and other reasons which it had discovered. Some three and a half months later, on March 12, 1962, plaintiff Allstate filed the instant action naming both Price and the McCurrys as defendants. It was found as a fact by the trial court that Price had made material statements with respect to his eligibility for insurance which were knowingly false; that if the truth with respect to these misstatements had been known, plaintiff Allstate would not have issued the policy. The trial court also found, contrary to allegation by the McCurrys, that they had not been prejudiced by failing to accept a settlement under the impression that the policy was in full force.

Section 650 Does Not Apply.

 Hence the demurrer was properly overruled. Section 650, Insurance Code, provides "[Time of Rescission.] Whenever a right to rescind a contract of insurance is given to the insurer by any provision of this part such right may be exercised at any time previous to the commencement of an action on the contract."

 For the right of the insurer to rescind a contract of insurance to be restricted under this section it is necessary

---

[1]They are taken from the court's findings, and as there is no issue raised as to the adequacy of the grounds of rescission the facts will not be given in detail.

that an action on the contract be brought by a party to the contract. An action by a third party against an insured for injuries received in an accident with the car of the insured is not an action upon the contract of insurance.

The law seems clear that where the insured has secured a policy of automobile liability insurance through fraud, breach of warranty, or material misrepresentation, the insurer can rescind the policy as of its inception, notwithstanding the existence of any rights in third parties who were injured by the acts of the insured which occurred before the rescission. (*Allstate Ins. Co.* v. *Golden* (1960) 187 Cal. App.2d 506 [9 Cal.Rptr. 754]; *Emery* v. *Pacific Employers Ins. Co.* (1937) 8 Cal.2d 663 [67 P.2d 1046]; *Purcell* v. *Pacific Auto. Ins. Co.* (1937) 19 Cal.App.2d 230 [64 P.2d 1114] (hearing denied); *Standard Accident Ins. Co.* v. *Pratt* (1955) 130 Cal.App.2d 151 [278 P.2d 489] (rehearing denied, hearing denied); *Robinson* v. *National Auto. etc. Ins. Co.* (1955) 132 Cal.App.2d 709 [282 P.2d 930]; *Allstate Ins. Co.* v. *Miller* (1950) 96 Cal.App.2d 778 [216 P.2d 565]; *Cole* v. *Calaway* (1956) 140 Cal.App.2d 340 [295 P.2d 84].) Only in *Cole, supra,* was the application of section 650, Insurance Code, raised.

In *Standard Accident Ins. Co.* v. *Pratt, supra,* 130 Cal. App.2d 151, the company rescinded the policy of automobile liability insurance for false representations. It was contended, as in our case, that the rescission came too late to be binding upon the appellant intervenor because she had been injured by the insured's car prior to the rescission. Concerning this contention the court said (p. 156): "However, where, as here, the rescission is made because of material false representations, it dates back to the time the representations became false and voided the policy *ab initio.*" That the insurer may rescind even after the injured party obtains a judgment against the insured is shown by the court's reference to *Emery* v. *Pacific Employers Ins. Co., supra,* 8 Cal.2d 663. It said that in *Emery* "plaintiffs recovered judgment against one James Bronis for injuries received when the automobile in which they were riding was struck by an automobile being driven and owned by Bronis. The judgment being unpaid, they brought action against the defendant insurance company upon a policy of automobile liability insurance, issued by it to Bronis, and the court held, at page 665:

" 'The contention of the defendant insurance company is

that the policy is void by reason of false representations contained in the application for insurance and false warranties of the insured in the policy. By statutory provision and similar terms of the policy the right of the injured person who has secured judgment against the insured is to bring an action against the insurer ''on the policy and subject to its terms and limitations.'' Hence, if the policy is void or voidable as to Bronis, plaintiffs cannot recover thereon.' [Citing cases.] ''

In *Allstate Ins. Co.* v. *Miller, supra,* 96 Cal.App.2d 778, where the insurer cancelled a policy of automobile liability insurance because of the insured's false representations, after the insured had injured the defendants in an accident, and the injured parties had sued the insured for injuries before the insurer had brought an action for declaratory relief against the insured and the injured parties, it was held: ''When a statement in an application for insurance is declared by the policy to be a warranty and the insured declares the statement is absolutely true, the falsity of such statement voids the policy *ab initio.* (*Bennett* v. *Northwestern National Ins. Co.,* 84 Cal.App. 130, 135 et seq. [257 P. 586]; *Craig* v. *United States F. & G. Co.,* 11 Cal.App.2d 644, 645 et seq. [54 P.2d 486]; *Emery* v. *Pacific Employers Ins. Co.,* 8 Cal.2d 663, 669 [67 P.2d 1046].)'' (See also *Allstate Ins. Co.* v. *Golden, supra,* 187 Cal.App.2d 506.) While in none of these cases was section 650 discussed, it was in effect at the time they were decided.

It was considered, however, in a malpractice insurance case. (*Cole* v. *Calaway, supra,* 140 Cal.App.2d 340.) There after a patient had made a claim and filed suit against an insured doctor, the insurer cancelled the latter's malpractice insurance on the ground of misrepresentations made to the insurer by the doctor. The court held that the insurance contract was void *ab initio,* and that the effect of section 650 was not to extend the insurer's time to rescind beyond the time allowed by the statute of limitations. (To the same effect, *Federal Life Ins. Co.* v. *Cary* (1937) 20 Cal.App.2d 257 [67 P.2d 129].)

On the question of whether the action by the McCurrys against Price for injuries sustained in the accident constitutes an action on the insurance policy, it must be remembered that ''There being no provision in the policy providing that it should inure directly to the benefit of any injured person, no obligation rested on the insurer until

judgment was secured against the insured. Until that contingency arose no right of action against the insurer accrued to the injured person.'' (*Mercer Casualty Co.* v. *Lewis* (1940) 41 Cal.App.2d 918, 924 [108 P.2d 65], rehearing denied, hearing denied. See also *Corum* v. *Hartford Acc. & Indem. Co.* (1945) 67 Cal.App.2d 891, 895 [155 P.2d 710].)

Section 650 provides as the only limitation on the right of an insurer to rescind a contract of insurance for fraud (other than the statute of limitations (see *Cole* v. *Calaway, supra,* 140 Cal.App.2d 340), is that an action has been commenced on the insurance *contract* (the policy). If the Legislature had intended that an action brought for personal injuries against an insured was to be considered as an action on the insurance contract under section 650, it could easily have said so. Moreover, until the negligence action is tried, it cannot be determined whether the party claiming that the accident was due to the fault of the insured will be successful in obtaining a judgment against the insured. If no judgment is obtained the insurer has no liability under the policy, in any event. If a judgment against the insured is obtained, the injured party may then sue on the contract of insurance (policy). However, if prior to that time the insurer has validly cancelled the contract because of fraud or misrepresentation, the injured party cannot complain, as he can in nowise claim that any act of the insurer contributed to the accident which caused his injuries.

We hold that an action against the insured for personal injuries is not ''an action on the contract'' under section 650, and therefore the trial court properly determined that section 650 did not prevent plaintiff from cancelling the insurance contract (policy).

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.