UNIVERSAL UNDERWRITERS INSURANCE COM-
PANY, A CORPORATION, APPELLANT, *v.* JEAN
SNYDER, DAMON ITZA, DOROTHEA ITZA,
KAREN ITZA, AND FRANCES ITZA, RESPOND-
ENTS.

No. 4851

May 28, 1965          402 P.2d 483

[Rehearing denied June 22, 1965]

*Pike & McLaughlin* and *Robert N. McGehee,* of Reno,
for Appellant.

*Vargas, Dillon, Bartlett & Dixon* and *Albert F. Pagni,*
of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

The case below was under the Uniform Declaratory Judgments Act. On December 4, 1958, Universal Underwriters Insurance Company issued a policy of automobile insurance to Jean Snyder (B.I. $10,000/$20,000; P.D. $5,000; Med. $1,000; Collision, $50 deductible) for a Pontiac car which Snyder purchased on that date from Richardson-Lovelock, Inc., Reno, Nevada. Twenty days later Snyder, while driving that car, collided head-on with a car being driven by Damon Itza in which other members of the Itza family were riding. The Itzas sustained bodily injuries. As a result of the accident, Snyder was sentenced to the Nevada State Prison. By letter dated March 31, 1959, the insurance company notified Snyder that it denied coverage under the policy "for the violation of the declarations contained within that policy," stated that the policy was null and void and offered to return the premium paid therefor. That letter was precipitated when the insurance company learned that Snyder had been convicted of reckless driving by the Police Court of the City of Tacoma, Washington, on June 27, 1956, contrary to information given by Snyder on December 4, 1958, when application was made for insurance coverage.[1] Subsequently the insurance company filed this action for declaratory relief, seeking to have the automobile insurance policy declared void as to the assured and all others asserting an interest therein as third party beneficiaries. Its cause was bottomed on the proposition that the policy was void *ab initio* because the assured fraudulently misrepresented a material fact in applying for coverage. If successful, it follows that the Itzas, as injured third parties, could not look to that policy to satisfy any judgment which they might secure

---

[1]When Snyder purchased the car and the insurance policy, he answered and signed a printed form entitled "Underwriting Information for Automobile Insurance." One of the questions was, "Ever been arrested for drunken or careless driving." He answered, "No."

against Snyder, for their rights in this regard depend upon the existence of a valid insurance policy (Holthe v. Iskowitz, 31 Wash.2d 533, 197 P.2d 999, 1001; Shapiro v. Republic Indemnity Co. of America, 52 Cal.2d 437, 341 P.2d 289, 290), i.e., the rights of the beneficiaries against the insurer may be negated by any defense available against the assured. The lower court denied relief to the insurance company, and this appeal followed. We affirm.

Many errors are assigned which we need not consider, for in our view the so-called application for insurance is not a part of this insurance contract and may not, under the circumstances here disclosed, be invoked to provide a defense to the enforcement of rights under the policy.[2] The purported "application for insurance" does not specify that the statements and answers therein are made a basis and condition of the insurance policy to be issued. Cf. Poe v. La Metropolitana Co., 76 Nev. 306, 353 P.2d 454, where misrepresentations were made in a written application for a fire policy, which application expressly provided that the statements therein were true and were made the basis and condition of the policy. See also Allstate Insurance Co. v. Miller, 96 Cal.App.2d 778, 216 P.2d 565; Allstate Insurance Co. v. Golden, 9 Cal. Rptr. 754. Nor does the insurance policy make the application a part of the insurance contract. Cf. Smith v. North American Accident Insurance Company, 46 Nev. 30, 205 P. 801, where a health and accident policy contained the following statement, "In consideration of the agreements and statements contained in the application, a copy of which is endorsed hereon and made a part of this contract * * *." So in the case before us neither document (the application for insurance or the insurance policy) made reference to the other, nor was the application attached to the policy or endorsed thereon.

[2] For the purposes of this opinion we assume that the underwriting information form which Snyder filled out and signed, was an application for insurance. However, without deciding the point, we express doubt that it qualifies as an application. We note that it fails to disclose the name of the insurer, request the issuance of a policy, or describe the nature of the risk to be insured against.

Thus, there is nothing to express an intention that the application be considered a part of the insurance contract. In these circumstances we are indeed loath to make all the detailed statements of the application conditions upon which the insurance may be forfeited.

Our conclusion in this regard finds further support in the language of the insurance contract itself. Paragraph 16, entitled "Declarations," reads, "By acceptance of this policy, the insured named in Item 1 of the declarations agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

The "declarations" merely set forth the name of the insured, his address, occupation, description of the car, its price, encumbrances thereon, identity of the mortgagee, and other similar information. No reference is made to the application. Indeed, the last part of the quoted provision precludes reference to the application for insurance. The identical policy provision was considered by the Sixth Circuit Court of Appeals in Harris v. State Farm Mutual, 232 F.2d 532. That court ruled flatly that mere false representations in an application for insurance cannot be relied upon when the insurance contract, by its express terms, provides that the policy itself embodies all the agreements between the parties. The case of State Farm Mutual v. West, 149 F.Supp. 289 (D.C.Md.), which the appellant relies upon, appears to be contra, but we choose not to follow it. In our view the expression of the court in Harris v. State Farm Mutual, supra, is incontrovertible as a matter of contract law.[3]

---

[3]It is of interest to note that, in the accident and health insurance area, the Nevada legislature has expressly provided that "the insured shall not be bound by any statement made in an application for a policy unless a copy of such application is attached to or endorsed on the policy when issued as a part thereof." NRS 692.040.

Of related interest is NRS 485.3091(6)(a) of the Safety Responsibility Act. It provides: "The liability of the insurance carrier with

The judgment below is affirmed.

BADT, J., and COMPTON, D. J., concur.

respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by such motor vehicle liability policy occurs; the policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of injury or damage; no statement made by the insured or on his behalf and no violation of the policy shall defeat or void the policy." See also NRS 485.3091(6) (d). The present case is not controlled by that provision, because the policy of insurance was not issued pursuant to the requirements of NRS Ch. 485. See: Safeco Insurance Co. of America v. Gonacha, 142 Colo. 170, 350 P.2d 189; Tri-State Insurance Co. v. Ford, 120 F.Supp. 118.