69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph D. DAVIS, Plaintiff-Appellant,
v.
WALBROOK INS. CO.; Dart Kraft Insurance Company; El Paso
Insurance Company; Louisville Insurance Company; Ludgate
Insurance Company Limited; Mutual Reinsurance Company,
Limited; Compagnie Europeenne D'Assurances Industrielles
S.A.; Assicurazioni Generali Spa, London Branch; H.S.
Weavers (Underwriting) Agencies, Ltd.; Los Angeles Bar
Association; Emmett & Chandler Los Angeles, Inc.,
Defendants-Appellees.
 No. 94-15703.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 17, 1995.
Decided Oct. 31, 1995.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ralph D. Davis appeals the grant of summary judgment to defendants Ludgate Insurance Company, Compagnie Europeenne D'Assurances Industrielles, and Dearborn Insurance Company (collectively "Ludgate").[1] Summary judgment was granted both on Davis's direct action claim against Ludgate under Cal.Ins.Code Sec. 11580(b)(2) and on Davis's tort claims. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Davis argues that the district court erred because genuine issues of material fact remain as to whether he may bring a claim against Ludgate under Cal.Ins.Code Sec. 11580. We disagree. Ludgate validly rescinded the policy by letter in September 1990, and thus Davis's was not an "action ... on the policy" under the statute. See Imperial Casualty & Indem. Co. v. Sogomonian, 243 Cal.Rptr. 639, 645 (Cal.Ct.App.1988). The rescission was effective from the time the representation became false, precluded liability even on pending claims, and rendered the insurance policy totally unenforceable from the outset. Id. The rescission was within Cal.Ins.Code Sec. 650 because it occurred before Davis's direct action on the contract against Ludgate; it is not relevant that it occurred after Davis sued Rand & Goodchild. Allstate Ins. Co. v. McCurry, 36 Cal.Rptr. 731, 733 (Cal.Ct.App.1964). The rule of Barrera v. State Farm Mutual Automobile Ins. Co., 456 P.2d 674 (Cal.1969), is limited to automobile liability insurers. American Continental Ins. Co. v. C & Z Timber Co., 241 Cal.Rptr. 466, 470 (Cal.Ct.App.1987) (quoting Fireman's Fund Ins. Co. v. Superior Court, 142 Cal.Rptr. 249 (Cal.Ct.App.1977)). Thus, it is irrelevant that there may be a dispute as to whether Ludgate acted reasonably in investigating Rand & Goodchild's application.
 
 
 4
 Moreover, Davis's malpractice claim against Rand & Goodchild does not come within Sec. 11580 because it is not an action based upon bodily injury. The term "bodily injury" as used in liability policies under California law unambiguously means only physical injury and its consequences; it does not include emotional distress in the absence of prior physical injury. Aim Ins. Co. v. Culcasi, 280 Cal.Rptr. 766, 772 (Cal.Ct.App.1991). We see no reason to interpret the identical words in Sec. 11580(b)(2) differently. Davis has it backwards, as he contends that his physical injury was the result of his emotional distress. Cases defining "personal injury" are not on point. Consequently, Davis's Sec. 11580 claim fails as a matter of law.
 
 II
 
 5
 Summary judgment was properly entered on Davis's claims for intentional infliction of emotional distress and interference with prospective economic advantage. For either cause of action to proceed, the defendant's conduct must not be privileged or justified. Fletcher v. Western National Life Ins. Co., 89 Cal.Rptr. 78, 89 (Cal.Ct.App.1970) (intentional infliction of emotional distress); Ramona Manor Convalescent Hosp. v. Care Enterprises, 225 Cal.Rptr. 120, 124 (Cal.Ct.App.1986) (interference with prospective economic advantage). Because Ludgate had a legal right of rescission on the undisputed facts, its denial of Davis's requests for payment was privileged and justified. Cf. Fletcher, 89 Cal.Rptr. at 89 (no privilege where there was no good faith dispute concerning liability under the policy and defendants invented a dispute as part of a scheme to deprive the plaintiff of benefits). For the same reason, Ludgate's actions were not, as a matter of law, "instances of intentional and unreasonable infliction of distress by means of extreme and outrageous invasions of tranquillity," Quezada v. Hart, 136 Cal.Rptr. 815, 820 (Cal.Ct.App.1977); thus the claim for negligent infliction of emotional distress must fail. In any event, Davis points to no case law establishing a duty, sounding in negligence, on the part of an insurance company to a third party plaintiff to refrain from denying coverage. Murphy v. Allstate Ins. Co., 553 P.2d 584 (Cal.1976), was concerned only with the extent to which a judgment creditor of a policyholder becomes a third party beneficiary under contract principles, not tort. Betts v. Allstate Ins. Co., 201 Cal.Rptr. 528 (Cal.Ct.App.1984), was a bad faith case in which the policyholder was the plaintiff, not a third party.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Summary judgment was entered separately for defendant Assicurazioni Generali Spa, and Davis has not appealed from that order